IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MARY D. STELZL**,

        Plaintiff,

   v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security**,

        Defendant.

No. 6:12-cv-01102-HU

OPINION AND ORDER

**MOSMAN, J.**,

    On September 16, 2013, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") [19] in the above-captioned case, recommending that the final decision of the Commissioner be reversed and remanded for further proceedings. Neither party filed objections.

### DISCUSSION

    The magistrate judge makes only recommendations to the court, to which any party may file written objections. I am not bound by the recommendations of the magistrate judge; instead, I retain responsibility for making the final determination. I am required to review de novo those portions of the report or any specified findings or recommendations within it to which an objection is made. 28 U.S.C. § 636(b)(1). However, I am not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those

1 – OPINION AND ORDER

portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether objections have been filed, in either case I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1).

Here, Judge Hubel recommended that this case be remanded and that the ALJ be instructed to (1) revisit Ms. Stelzl's credibility; (2) reconsider the weight given to lay witness testimony; (3) reconsider the weight given to a treating psychiatrist's opinion; and (4) revisit the RFC determination in light of an examining physician's opinion. Upon review, I agree with Judge Hubel's recommendation, and I ADOPT the F&R [19] as my own opinion.

Regarding Ms. Stelzl's credibility, Judge Hubel noted that many of the ALJ's reasons for discrediting her reports of subjective mental limitations seem sound in the abstract but fail in their specific factual contexts. For example, Ms. Stelzl's successful completion of an associate's degree program would seem to contradict her claims of mental limitations. (Tr. [11-3] at 18, 37.) However, these limitations are perfectly consistent with her education in context, where Ms. Stelzl required six years and special accommodation to complete a two-year program. *Id.* at 58. As Judge Hubel recommended, the ALJ should revisit the reasons given for discounting Ms. Stelzl's credibility "in the context of the evidence as a whole." (Tr. [11-3] at 20.)

I agree also that the case should be remanded for reconsideration of the lay witness testimony of Ms. Stelzl's mother, Leslie Stelzl. The ALJ rejected Leslie's testimony because it lacked objective support in "the medical evidence of record" and because it derived from Ms. Stelzl's own reports. (F&R [19] at 20.) As Judge Hubel observed, Leslie's statements clearly were based not on Ms. Stelzl's self-reports but on Leslie's personal observations of her daughter.

(F&R [19] at 74.)  Moreover, mere lack of objective medical support is not a proper basis for rejecting lay descriptions of subjective symptoms.  *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009); *Smolen v. Chater*, 80 F.3d 1273, 1288–89 (9th Cir. 1996).  The ALJ should revisit the reasons given for discounting Leslie's lay testimony.

Remand is necessary also to revisit the ALJ's rejection of the opinion of treating psychiatrist Rebecca Gordon, M.D.  The ALJ reasoned that Dr. Gordon's opinion was not consistent with her treatment notes.  (Tr. [11-3] at 19.)  However, the ALJ failed to explain how her notes were inconsistent with her opinion, or even to identify which of her notes contained any contradictions.  *Id.*  On remand, as Judge Hubel recommended, the ALJ should "set forth Dr. Gordon's specific treatment notes that contradict the doctor's opinion."  (F&R [19] at 71.)

Finally, I agree with Judge Hubel that remand is necessary to revisit the RFC determination and pose a clarified hypothetical to the vocational expert that accounts for all of Ms. Stelzl's limitations.  (F&R [19] at 79–80.)  Not only must the RFC account for the opinion of agency-referred physician William A. McConochie, Ph.D., but it must also incorporate the limitations described by other witnesses, to the extent that the ALJ credits them on remand.  In particular, as the treating psychiatrist, Dr. Gordon's opinion should prevail unless the ALJ identifies "specific and legitimate reasons" for preferring Dr. McConochie's.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

IT IS SO ORDERED.

DATED this  14  day of November, 2013.

/s/Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER